**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**RONALD SATISH EMRIT** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-475-JHM**

**SABRINA CARPENTER, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiffs Ronald Satish Emrit filed this *pro se* civil action. Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

On June 15, 2026, Plaintiff, a resident of Maryland, filed suit against the following Defendants: Sabrina Carpenter, The Grammys/Recording Academy, Justice Ketanji Brown-Jackson, and Lady Gaga. Plaintiff states that he brings "forth this complaint for 500 billion dollars for the commission of the torts of public nuisance, industrial espionage, the tortious interference with business relations/contracts" against these Defendants. Plaintiff asserts the following claims:

> V.) COUNT ONE: DEFAMATION (LIBEL AND SLANDER)
>
> 30.) The plaintiff believes that the Grammys and its recording artists like Sabrina Carpenter and Lady Gaga are committing defamation (libel and slander) and/or the dignitary tort of the invasion of privacy by talking about President Donald John trump in a negative manner which could be perceived as violation of the Alien and Sedition Acts.
>
> VI.) COUNT TWO: PUBLIC NUISANCE
>
> 31.) The plaintiff believes that the Grammys have become a public nuisance to everybody in the worl who understands that neither Los Angeles nor network TV (CBS) has any influence over a new music business whether other cities like Atlanta, Georgia and other companies like Ditto Music of England want to control the internet-based music business[.]

VII.) COUNT THREE: INDUSTRIAL ESPIONAGE

32.) The plaintiff believes that the Grammy Awards and network TV (ABC, CBS, NBC, Fox) are committing industrial espionage by trying to compete with a new music business with their outdated shows like The Voice, American Idol, and America's Got Talent, and The Masked Singer which have a circus-like atmosphere and from which nobody ever becomes a star. Recording artists who are serious about music don't waste their time on circus shows on network TV and release music through Ditto Music of England which has conquered the new internet-based music business like Tunecore of Brooklyn, New York, CD Baby of Portland, Oregon, and Mondotunes/Octiive of Huntington Beach, California in Orange County.

VIII.) COUNT FOUR: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS/CONTRACTS

33.) Because the plaintiff is a musician who conducts business with Amazon through Ditto Music of England, the plaintiff argues that larger companies like NFL and Toyota try to interfere with smaller companies like Ditto Music by trying to monopolize Amazon, Apple, and YouTube in what the plaintiff describes to be an Antitrust Violation perhaps involving the Sherman or Clayton Act as larger companies like the NFL and Toyota try to drive smaller companies like independent musicians out of the market so that it would benefit major record labels d/b/a Universal, Sony, and Warner Music Group (WMG) all of which are in privity of contract with NFL, Toyota, and larger companies that advertise on Cable TV or Peacock streaming.

[DN 1 at 7–8].

**II.**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Review of the complaint reveals that Plaintiff has alleged no basis for venue being proper in the Western District of Kentucky. Plaintiff's complaint contains no allegation that any

Defendant resides in the Western District of Kentucky, that any event or omission occurred in the Western District of Kentucky, or that any Defendant is subject to personal jurisdiction in this Court.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." While transfer of venue often occurs in *pro se* cases, courts in this circuit recognize that "sua sponte dismissals occur even in actions brought by pro se plaintiffs, who normally receive the benefit of liberal pleading construction." *Walton v. Jones*, 2:17-CV-13078-TGB, 2018 WL 4138926, at *2 (E.D. Mich. Aug. 29, 2018); *see also Blanton v. Greyhound Lines, Inc.*, No. 4:22-CV-P20-JHM, 2022 WL 1598345, at *3 (W.D. Ky. May 19, 2022).

Considering that Plaintiff has filed the exact same complaint in several districts across the country[1] and some of those district courts have dismissed this complaint as frivolous, the Court concludes that transferring this case will not promote judicial efficiency, judicial economy, or serve the interests of justice.

For the foregoing reasons, the Court will dismiss this case under 28 U.S.C. § 1406(a).

[1] Plaintiff has filed substantively similar complaints in the following districts: California Central District, Case No. 2:26-CV-04546-FMO-DMK; Colorado District, Case No. 1:26-cv-02661-RTG; Iowa Northern District, Case No. 1-26-CV-00139-CJW-KEM; Kentucky Eastern District, Case No. 5:26-CV-00221-REW; Missouri Eastern District, Case No. 1:26-CV-152-SNLJ; Montana District, Case No. 26-96-M-KLD; New Hampshire District, Case No. 1:26-CV-00498-SM-AJ; New Mexico District, Case No. 1:26-CV-02067-DHUI-JMR; New York Western District, Case No. 1:26-cv-1225-LJV; Oklahoma Eastern District, Case No. 6:26-cv-00196-DES; Oklahoma Northern District, Case No. 4:26-CV-00362-SEH-MTS; Pennsylvania Western District, Case No. 1:26-CV-00146-SPB; Utah District, Case No. 2:26-CV-00555-JNP-DBP; Vermont District, Case No. 2:26-CV-00206-kjd; Washington Eastern District, Case No. 2:26-CV-00271-MKD.

## III.

The Court will enter a separate Order dismissing this action.

Date: November 12, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
4414.014